IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

09 DEC 29 PM 4:44

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Nancy Young, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| Arrow Financial Services, LLC, a ) | 3:09-cv-0188 RLY-WGH |
| Delaware limited liability company, and ) | |
| Redline Recovery Services, LLC, a ) | |
| Georgia limited liability company, ) | |
| ) | |
| Defendants. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Nancy Young, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violate the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Nancy Young ("Young"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to GE Money Bank.

4.      Defendant, Arrow Financial Services, LLC ("Arrow"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Arrow was acting as a debt collector as to the debt it attempted to collect from Ms. Young.

5.      Defendant Arrow is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect via other debt collectors, like Bowman, Heintz, Boscia & Vician and Redline Recovery Services, LLC.

6.      Defendant, Redline Recovery Services, LLC ("Redline"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Redline was acting as a debt collector as to the debt it attempted to collect from Ms. Young.

## FACTUAL ALLEGATIONS

7.      Ms. Young is a senior citizen whose late husband may have incurred a debt for medical treatment that was financed by GE Money Bank. That debt became delinquent after Mr. Young passed away and was, at some point in time, bought by Defendant Arrow.

8.      On April 11, 2008, Defendant Arrow sent, through its agent/attorney, Bowman, Heintz, Boscia & Vician ("Bowman"), an initial collection letter demanding that

Ms. Young pay her late husband's GE Money Bank debt. A copy of this letter is attached as Exhibit A.

9. Because Ms. Young believed that she did not owe the debt, on April 16, 2008, she wrote a letter to Defendant Arrow's agent to dispute the validity of this debt and notify it that all future contact had to take place through her legal aid attorney at Indiana Legal Services. A copy of this letter is attached as Exhibit B.

10. Neither Arrow, nor Bowman, provided Ms. Young with validation of the debt. Instead, Defendant Arrow hired Defendant Redline to resume collection efforts. On July 27, 2009, Defendants sent Ms. Young a collection letter dated July 27, 2009. A copy of this letter is attached as Exhibit C.

11. All of Defendants' collection actions complained of in this matter occurred within one year of the date of this Complaint.

12. Defendant Arrow's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I

### Violation Of § 1692g Of The FDCPA – Demanding Payment Of A Disputed Debt And Failing To Provide Validation Of The Debt

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692g of the FDCPA provides that a consumer has 30 days from receipt of a notice of their rights to then challenge the validity of the debt and seek verification of it. See, 15 U.S.C. § 1692g. Moreover, § 1692g(b) of the FDCPA provides that if a debt is disputed within the 30-day validation period, then the debt

collector must cease all collection action until it provides verification of the debt. See, 15 U.S.C. § 1692g(b).

15.    Defendants violated this provision by ignoring Ms. Young's dispute, and without providing validation of the debt, demanding payment of the debt.

16.    Defendants' violation of § 1692g of the FDCPA renders them liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II

### Violation Of § 1692e And § 1692f Of The FDCPA -- Attempting To Collect A Disputed Debt

17.    Plaintiff adopts and realleges ¶¶ 1-12.

18.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f. Attempting to collect a debt that is disputed is false, deceptive or misleading, and unfair or unconscionable, in violation of § 1692e and § 1692f of the FDCPA.

19.    Defendants' violation of § 1692e and § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III

### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-12.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew that Plaintiff was represented by counsel in connection with this debt because Defendant Arrow had been informed, in writing, that Ms. Young was represented by counsel. Thus, Defendants violated § 1692c(a)(2) of the FDCPA by writing directly to Ms. Young.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Nancy Young, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Young, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Nancy Young, demands trial by jury.

Nancy Young,

By _____
One of Plaintiff's Attorneys

Dated: December 29, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com

6